**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WILSON DIVISION**

IN RE:
    LACY M. HENRY,
    JUDY B. HENRY,                               Case No. 05-04620-8-JRL
            Debtors.                                    Chapter 11

## ORDER

This case is before the court on the motion for relief from stay filed by SunTrust Bank ("SunTrust") and the motion to determine the extent of the automatic stay filed by the debtors. On December 19, 2005, the court conducted a hearing on these matters in Wilmington, North Carolina.

The debtors moved to continue the hearing on SunTrust's motion for relief from stay pending the sales of two pieces of property that are expected to generate adequate protection funds to be distributed to creditors. The debtors intend to file a motion for distribution in February 2006. Based on the debtors' substantial equity cushion in the subject collateral, the court granted a continuance of the hearing on SunTrust's motion.

Thereafter, the court addressed the debtors' motion to determine the extent of the automatic stay as to the action, filed February 24, 2005, by Basin Electric Power Cooperative ("Basin") against the debtors, MPS Generation, Inc. ("MPSG"), Mechanical Plant Services of North Carolina, Inc., Light Logix, Inc., and Keith D. Henry in the U.S. District Court for the District of North Dakota, Southwestern Division ("District Court"). Basin seeks to recover sums in excess of four million dollars in connection with a contract entered between Basin and MPSG. The co-defendants, Mechanical Plant Services of North

1

Carolina, Inc., MPSG, and Light Logix, Inc., are North Carolina corporations owned by Lacy Henry. In the complaint, Basin raises the following counts: (1) breach of contract against MPSG; (2) actual fraud and deceit against all defendants; (3) constructive fraud against all defendants; (4) conversion against all defendants; (5) declaratory relief that the contracts between Basin and MPSG were valid against all defendants; (6) unjust enrichment against all defendants; (7) injunctive relief against MPSG to prohibit the disbursement of funds contained in an escrow account to MPSG or other defendants; (8) piercing the corporate veil against Lacy Henry and Keith Henry; and (9) implied trust against all defendants. Specifically, in Count 8, Basin seeks to make the male debtor and Keith Henry "jointly and severally liable" for MPSG's obligations.

On June 13, 2005, the debtors filed their Chapter 11 case. On September 15, 2005, Basin filed an adversary proceeding against the debtors in this court raising similar allegations surrounding the Basin-MPSG contract. Basin specifically states in its complaint that "Lacy and Judy Henry were the alter egos of all of the aforementioned entities and used them for their own pecuniary gain to appropriate funds supplied by Basin under the EPC contract." In the complaint, Basin requests the court to allow the amount of Basin's damages to be determined by the District Court and to stay the trial of the adversary proceeding in this court pending a determination there. Once the District Court makes a determination regarding MPSG's debt, Basin requests that this court find "that such debt is the debt owing by Lacy and Judy Henry" and that the debt is nondischargeable.

The debtors ask the court to stay the lawsuit in the District Court and assert that allowing Basin to continue pursuing its claims against other defendants in the District Court would be tantamount to allowing Basin to continue pursuing claims against the debtors. Basin contends that the court should deny the

debtors' motion and allow it to proceed against the non-debtors in the District Court. Alternatively, because it asserts that it is now solely focused on MPSG, Basin moves the court to conditionally lift the stay to permit it to proceed on its contract claim against MPSG in the District Court.

The parties have made minimal progress in the lawsuit pending in the District Court. The court has conducted a hearing on a request for a preliminary injunction regarding escrow money and has frozen the funds. Basin has filed a motion for partial summary judgment requesting the release of the money in the escrow account, which motion remains pending before the court. The defendants have received an extension of time to file answers in the case, and no answer has been filed by any defendant. So far, the only discovery that has taken place is a subpoena of records served upon First Citizens Bank. While the magistrate judge in the District Court has provided a tentative schedule for the case, a scheduling order has not been entered. The defendants assert that many of the deadlines in that tentative schedule have passed and will need to be modified. Basin has also filed a motion to amend its complaint, which is now pending before the District Court.

The purpose of 11 U.S.C. § 362 "is to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor." A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 998 (4th Cir. 1986). Section 362(a)(1) imposes an automatic stay on the commencement or continuation of a proceeding against the debtor "that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

11 U.S.C. § 362(a)(1). Generally, § 362(a)(1) is available only to the debtor and not to non-debtor co-defendants. Piccinin, 788 F.2d at 999. However, in "unusual circumstances," the bankruptcy court has the authority to stay actions, pursuant to § 362(a)(1), against non-debtor co-defendants. Piccinin, 788 F.2d at 999; In re Midway Airlines Corp., 283 B.R. 846, 851 (E.D.N.C. 2002). An unusual circumstance exists when the interests of the non-debtor co-defendant "are so intimately intertwined with those of the debtor that the latter may be said to be the real party in interest." Piccinin, 788 F.2d at 999; Midway, 283 B.R. at 851. One example of an unusual circumstance is a suit against a third party who is entitled to absolute indemnity from the debtor for any judgment entered. Piccinin, 788 F.2d at 999. "To refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute." Id. Another example of an unusual circumstance is a suit against co-defendants that, if successful, could reduce the debtor's insurance fund or pool to the detriment of the debtor's other creditors. Midway, 283 B.R. at 851-852.

The court finds that the automatic stay, pursuant to § 362(a)(1), applies to the suit pending in the District Court against the debtors and corporate co-defendants, but not against Keith D. Henry. Basin is asserting that the corporate defendants were mere instrumentalities of the debtors and, therefore, any judgment regarding MPSG's alleged debt should bind the debtors. The circumstance is unusual, and a successful judgment in the District Court against the debtors or corporate co-defendants could substantially deplete the debtors' estate for other creditors.

The court will not discretionarily lift the stay to allow Basin to pursue its claims in the District Court against the debtors or corporate co-defendants. While Basin contends that the witnesses are located in North Dakota, it was revealed at the hearing that many witnesses are also located in North Carolina and other locations. While Basin asserts that the District Court is capable of conducting a trial by October or

November of 2006, this court has the same intentions of expeditiously moving the case to judgment. Basin further contends that, pursuant to its terms, the subject contract is governed by North Dakota law and should be interpreted by a court in North Dakota. The North Dakota case, however, is not a straightforward matter of contract law, as it involves issues of corporate structure and individual liability for corporate debts which will be governed by North Carolina law. Dassault Falcon Jet Corp., v. Oberflex, Inc., 909 F.Supp. 345, 349 (M.D.N.C. 1995)(finding that the law of the state of incorporation would apply to determine the existence and extent of shareholder's liability to the corporation for corporate debts). This court has sufficient access to resources for determining matters of North Dakota contract law, and it is well-versed in the North Carolina law of corporations. Basin may seek to amend its complaint in the adversary proceeding, pursuant to Bankruptcy Rule 7015, to include claims against the other defendants.

**So Ordered.**

**Dated: January 5, 2006**

J. Rich Leonard
United States Bankruptcy Judge